

## NUMBER 13-10-00432-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## EX PARTE:  MANUEL REYNOSA

### On appeal from the 197th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Benavides
### Per Curiam Memorandum Opinion

Appellant, Manuel Reynosa, pro se, was convicted of aggravated robbery in 1996.  His appeal of this conviction was affirmed by this Court.  *See Reynosa v. State*, 13-96-00608-CR, 1998 Tex. App. LEXIS 565, *9 (Tex. App.—Corpus Christi Jan. 28, 1998, no pet.) (not designated for publication).  On February 22, 2010, Reynosa filed an application for a post-conviction writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.  On April 16, 2010, the trial court recommended denial of the application for writ of habeas corpus and directed the transmittal of all relevant documentation to the court of criminal appeals.  On May 5, 2010, the Texas

Court of Criminal Appeals denied Reynosa's application for writ of habeas corpus without a written order.

Reynosa has now filed a notice of appeal in this Court "from the [denial] without written order [sic] the application for writ of habeas corpus on the finding of the trial court without a hearing on May 5, 2010 and the order and recommendation on February 22, 2010." This cause is before the Court on the clerk's record. The State of Texas has filed a motion to dismiss the appeal for lack of jurisdiction.

Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction."); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009). Moreover, this Court does not have jurisdiction to review a ruling of the court of criminal appeals. *See* TEX. CONST. art. V, §§ 5, 6(a); TEX. CRIM. PROC. CODE ANN. art. 44.45 (Vernon 2006).

The Court, having examined and fully considered the notice of appeal, the clerk's record, and the State's motion to dismiss the appeal, is of the opinion that the motion to dismiss should be granted. Accordingly, we GRANT the motion to dismiss and dismiss the appeal for want of jurisdiction. Pending motions, if any, are dismissed as moot.

PER CURIAM

Do not publish.
See Tex. R. App. P. 47.2(b).

Delivered and filed the
28th day of October, 2010.